(55 Misc. Rep. 108)

## LIEBERT v. HOFFMAN et al.

(Supreme Court, Special Term, Rockland County.   June 26, 1907.)

**1. GIFTS—INTER VIVOS—EVIDENCE.**

In an action to recover certain money, evidence *held* to require a finding that plaintiff gave the money to defendant H., one of her granddaughters, and that plaintiff did not intend that the money when withdrawn from her bank account at her direction should be paid to her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 95–100.]

**2. SAME—BURDEN OF PROOF.**

Where a gift inter vivos was attacked, the burden of explaining the transaction was only cast on the donee, where some confidential or fiduciary relation existed between the parties to the transaction, or where the donor was mentally incapacitated, physically weak, or under the control or influence of the donee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 81–86.]

Action by Charlotte Liebert against Michael Hoffman and another. Complaint dismissed.

George A. Wyre, for plaintiff.

Harvey De Baun, for defendants.

TOMPKINS, J.  The burden of making out the cause of action set forth in the complaint rests upon the plaintiff.  She asserts that she gave the defendant Michael Hoffman her bank book, with an order for the withdrawal from the bank of the sum of $2,000, which he was to return to her, and which she intended to divide equally between her three granddaughters.  The defendants claim that the $2,000 was an absolute gift by the plaintiff to the defendant Louise Hoffman, one of the plaintiff's granddaughters.  The plaintiff's testimony is unsupported by any other testimony, while the testimony of the defendants with respect to the making of the alleged gift by the plaintiff to Louise Hoffman, is corroborated by the testimony of the witnesses Nicholas Hoffman, Antonia Butterfass, Charles Butterfass, Theresa Sauer, and Herman Coop, all of whom testified, in substance, that, while the plaintiff was living with the defendants, she complained of the manner in which her son Robert, with whom she had formerly lived, had treated her, and of the good treatment and care that she was receiving by the defendants at their home, and that she had given Louise Hoffman the $2,000 in dispute.  It also appears that, after the plaintiff's husband's death, she promised to make a present, herself, or procure a payment to be made, out of her late husband's estate, to the defendant Louise Hoffman, in consideration of her not contesting her grandfather's will, and in order to make a more equitable distribution of the estate.

The case presents this one question of fact:  Was the defendant Michael Hoffman intrusted with the bank book and authorized to withdraw the $2,000, for and as an agent of the plaintiff, and the money to remain her property?  Or was there a gift and a complete

surrender of the money, and all control over it to her granddaughter, Louise Hoffman. The preponderance of evidence is strongly in favor of the defendant's claim, and the circumstances urged by the plaintiff's counsel in his brief are not sufficient to overcome the weight of that testimony. Nor do I think that the burden of proof is shifted in this case, by the defense interposed. While the law is that a gift inter vivos must be established by satisfactory proof, yet, where the gift is attacked, the burden of explaining the transaction is only cast upon the donee where some confidential or fiduciary relation existed between the parties to the transaction, or where the one party is mentally incapacitated or physically weak, or under the control or influence of the one claiming the gift. Here there was no fiduciary or particularly confidential relation existing; nor is there any evidence of any physical or mental weakness on plaintiff's part, or any misrepresentation, coercion, or undue influence exercised by either of the defendants. Indeed, the plaintiff, as a witness, showed a good deal of physical and mental vigor, and clearly demonstrated that she had a mind of her own, and would not be likely to be influenced against her will. She was simply boarding with her granddaughter, having left her son's home, claiming to have been badly treated by him. The money was drawn from the bank and taken possession of by the defendants on the 9th day of July. The plaintiff appears to have made no attempt to obtain the money from the defendants or compel them to account for it, until some time in October of the same year, and after she had left their home and returned to her son Robert's home.

My conclusion is that the plaintiff has failed to make out the cause of action set forth in the complaint, and that the defendants are entitled to judgment, upon the merits, dismissing the complaint, with costs.

Submit findings and judgment.